

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2002

# Interthal v. State Farm Cslty Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3015

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Interthal v. State Farm Cslty Co" (2002). *2002 Decisions.* Paper 760.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/760

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 01-3015

_____

RAYMOND W. INTERTHAL,

Appellant

v.

STATE FARM FIRE AND CASUALTY
COMPANY

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 98-cv-01301)
District Judge: Honorable Donetta W. Ambrose

_____

Argued on June 13, 2002

Before: ROTH, RENDELL and ROSENN  Circuit Judges

(Opinion filed: November 20, 2002)

Kenneth W. Behrend, Esquire (Argued)
Behrend and Ernsberger, PC
Union Bank Building, Suite 300
306 Fourth Avenue
Pittsburgh, PA 15222

Counsel for Appellant

C. Leon Sherman, Esquire, Esquire
C. Leon Sherman & Associates, P.C.
20 Stanwix Street, 5th Floor
Pittsburgh, PA 15222

Counsel for Appellees

_____

OPINION

_____

ROTH, Circuit Judge:

Appellant Raymond Interthal brought suit against State Farm Fire and Casualty Company based on State Farm's refusal to cover damages caused by the collapse of Interthal's basement walls. Interthal claimed breach of the insurance contract and bad faith on the part of State Farm. The case went to trial and the jury awarded Interthal $18,000 on his breach of contract claims, which were in excess of $61,000. The District Court denied Interthal's Motion for a New Trial and his Motion to award his Bill of Costs.

The District Court had subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, based on diversity of citizenship between the parties. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Interthal raises several issues on appeal: (1) the District Court erred in denying his request for a new trial as to bad faith, (2) the District Court erred in denying his request to amend his complaint to assert a claim of violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), and (3) the District Court erred in

denying his amended bill of costs.

First, Interthal challenges the District Court's denial of his request for a new trial on the basis of bad faith. Interthal contends that the District Court erred in finding the policy to be unambiguous, in denying his requested points of charge to the jury, and in denying him access to the complete files of several witnesses.

We have plenary review of the District Court's determination that the policy was unambiguous. From our examination of the record, we conclude that the District Court correctly determined that the "earth movement" and "water damage" exclusions in the policy were, as a matter of law, unambiguous. As for the requested points of charge, our standard of review of the legal elements of the charges is plenary. The points of charge on breach of contract were either waived or rendered moot by the jury verdict, finding a breach of contract. As to the jury charge on bad faith, our review of the relevant charge convinces us that the District Court instructed the jury on bad faith in a manner consistent with the applicable legal principles of Pennsylvania law. Finally, as to the request for access to files, our standard of review is abuse of discretion. Based on the evidence before it, the District Court did not abuse its discretion in determining not to allow Interthal access to the requested files.

Interthal argues next that the District Court should have permitted him to amend his complaint to assert a claim under the UTPCPL. In light of the evidence before it, the District Court did not abuse its discretion in denying the motion to amend the complaint to assert a UTPCPL claim.

3

Lastly, Interthal contends that the District Court erred in denying his amended bill of costs because he was the prevailing party. Under F.R.Civ.P. 54(d), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The results here were mixed. Interthal achieved only partial success on his claims. For that reason, the District Court did not abuse its discretion in holding that each party should be responsible for its own costs.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,


/s/ Jane R. Roth
Circuit Judge

4